LIBERTY MUTUAL INSURANCE COMPANY *v.*
CITY OF BAY CITY.

1. NEGLIGENCE—NONJURY CASE—FRACTURED BOTTOM PLATE OF WATER METER—EVIDENCE.

The finding of trial court in a nonjury case that leakage of water in a business building, due to fracture of a rusty cast iron plate attached to bottom of water meter with 4 bolts on 1 of which a washer was missing, was not the type of an accident that commonly does not happen except in con-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 38 Am Jur, Negligence § 57.
[2] 38 Am Jur, Negligence § 326.
. Admissibility of opinion evidence as to the cause of an accident or occurrence. 38 ALR2d 13.

sequence of negligence *held,* not against the clear preponderance of the evidence under record showing there was a question of fact presented.

2. Same—Nonjury Case—Water Meter—Proximate Cause—Evidence—Experts.

The trial court in nonjury action for damage due to leakage of water properly considered testimony by defendant's expert witnesses as to possible causes of fracture of plate attached to bottom of water meter, other than rustiness and insufficient or improper attachment to the meter, for while defendant did not have burden of proving what caused the break, it could present testimony of water hammer or hammer lock to refute plaintiff's theory of cause.

Appeal from Bay; Smith (Richard G.), J. Submitted January 12, 1962. (Docket No. 8, Calendar No. 48,884.) Decided July 2, 1962.

Case by Liberty Mutual Insurance Company, a foreign corporation, subrogee, and Kanes Credit Clothing Company, Inc., a Michigan corporation, against the City of Bay City, a municipal corporation, for damages occasioned by flooding due to broken water meter. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Reginald S. Johnson,* for plaintiffs.

*John X. Theiler,* for defendant.

Dethmers, J. Plaintiff insurance company was the subrogee of plaintiff clothing company, which was lessee of a business building in defendant city. Plaintiffs sued for damages resulting from flooding the basement of the building caused by leakage from defendant's broken water meter. Plaintiffs alleged and defendant denied that it was negligent in the installation, inspection, and maintenance of the meter. The case was tried to the judge without a

jury. From judgment of no cause for action, plaintiffs appeal to this Court.

The first question presented is whether the judgment is against the clear preponderance of the evidence. That question goes to whether the condition of the meter was such that defendant should have known that it might break and flood the basement.

The evidence disclosed that the housing of the meter was constructed of bronze, with a bottom plate, referred to as the frost bottom, made of cast iron so that it, rather than some other part of the meter, would break if the meter were to be affected by frost. That plate was attached to the meter with 3 steel bolts and 1 brass bolt and nuts. The plate was rusty as were some of the bolts, and a washer was missing from 1 of the bolts. A fracture developed in the plate, near that bolt, from which the leaking occured.

City employees read the meter 4 times a year. There was testimony that it was their duty, when reading a meter, to inspect it and report unusually rusty or defective conditions and that they had not reported any such condition here. Some opinion evidence was given that excessive rusting and absence of a washer could permit breaking of the bottom plate. On this plaintiffs predicated their claim of defendant's negligence. There was, however, also testimony that the rustiness of the plate and bolts was not so bad as to have warranted reporting, or such as to give occasion for concern or for replacing the meter. A fact issue of negligence, thus, was presented.

Expert witnesses for defendant testified that the fracture in the bottom plate could be caused by freezing, by water hammer or hammer lock, or by tampering.

At the conclusion of proofs and when the court announced its decision, there was colloquy between court and counsel, in which the subject of *res ipsa loquitur* was discussed and the doctrine was urged upon the court by plaintiffs' counsel as applicable here. The court quoted from *Weisenberg* v. *Village of Beulah,* 352 Mich 172, 182, the quotation therein from Holmes, as follows:

"*Res ipsa loquitur,*—which is merely a short way of saying that, so far as the court can see, the jury from their experience as men of the world may be warranted in thinking that an accident of this particular kind commonly does not happen except in consequence of negligence, and that therefore there is a presumption of fact, in the absence of explanation or other evidence which the jury believe, that it happened in consequence of negligence in this case."

The trial court concluded that in the instant case plaintiffs had not established negligence on defendant's part as a proximate cause of the damage and, insofar as *res ipsa loquitur* is concerned, said, in effect, that the proofs did not present a situation in which a jury would "be warranted in thinking that an accident of this particular kind commonly does not happen except in consequence of negligence." On the contrary, the court referred to the testimony in the case that not any of the witnesses had ever experienced a break in the bottom plate of a meter resulting from rust, and concluded, accordingly, that that would be uncommon. There was considerable testimony, however, that the appearance of rust on the plate and bolts was not excessive nor such as to indicate that a break might result, and that, upon examination, it did not appear that the plate had been thinned or weakened by rust. The court stated that, on the other hand, the testimony

showed that hammer lock or water hammer would be common where there are quick acting valves that suddenly stop the flow of water and build up pressure behind it. The court then observed that this was a hotel building in which there were a number of urinals in which the water turned on and off, intermittently, which, according to the mentioned testimony, commonly could cause hammer lock.

While there was testimony from which negligence on defendant's part might have been inferred, rebuttal thereof was offered, and other possible causes for the plate fracture were presented. The trial court found that the break in the plate was not shown by plaintiffs to have resulted from defendant's alleged failure to detect its rusty condition or, for that matter, after the court's inspection of the meter and plate, from rusting at all. Whether we would have made the same finding is not the question. On the record before us we cannot say that that finding was against the clear preponderance of the evidence.

Plaintiffs also assign as error the court's consideration of the testimony of defendant's expert witnesses concerning possible causes of the break other than the one urged by plaintiff. Specifically, plaintiff contends that the court should have ignored their testimony about water hammer as a possible cause of a break because there was no testimony that water hammer had occurred at this location. The above noted testimony afforded a basis for the court's consideration of this possibility. The burden did not rest on defendant to prove what caused the break nor to establish the occurrence of water hammer. The testimony was entitled to be received and considered, however, on the question of whether the accident was of a particular kind that commonly does not happen except in consequence of negligence. It had probative value and

was admissible in refutation of that theory or possible line of thinking.

Finally, plaintiffs complain that the court erred in not applying in this case "negligence based on circumstantial evidence." The evidence referred to was that about the rusty condition of the plate and bolts and the missing washer. This brings us right back to the clear preponderance question. The evidence referred to by plaintiffs was entitled to and received the trial court's consideration. He concluded that plaintiffs had failed to establish that this was an actual or proximate cause of the break and that the evidence disclosed that it could have been caused by factors not entailing any negligence on defendant's part. That finding was not against the clear preponderance of the evidence.

Affirmed, with costs to defendant.

CARR, C. J., and KELLY, BLACK, KAVANAGH, OTIS M. SMITH, and ADAMS, JJ., concurred.

SOURIS, J., did not sit.